## PROMISSORY NOTE

$2,500,000.00

Durant, Oklahoma
May 12th, 2010

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Durant Hospitality, Inc. at 118 N. 7th, Durant, Oklahoma, 74701, or at such other place as may be designated in writing by the Holder of this Note, the principal sum of Two Million Five Hundred Thousand and no/100 Dollars ($2,500,000.00), together with interest thereon at the rate of eight percent (8.0%) per annum on the unpaid principal balance.

The principal and interest on this Note shall be due and payable in three-hundred (300) equal monthly installments of Nineteen Thousand Two Hundred Ninety-five and 41/100 Dollars ($19,295.41) commencing the 12th day of June, 2010, and on the twelfth day of each month thereafter, with full and final payment of all principal and then due interest being due and payable on or before 12th day of May, 2035. Upon default, the unpaid principal balance shall bear interest at the rate of fifteen percent (15%) per annum.

Makers shall pay a prepayment penalty of 2% of any amount prepaid during the first three (3) years of this Note. Makers shall pay a prepayment penalty of 1% of any amount prepaid during the years four (4) and five (5) of this Note. Thereafter, Makers shall have the right to prepay this Note without penalty; provided, should the property which secures this Note be sold in an arm's-length transaction to a third party, Makers shall prepay this note in full to effectuate such sale.

The Holder of this Note may collect a "late charge" not to exceed five percent (5%) of each total monthly payment of principal and interest, as described herein, if made more than five (5) days past due to cover the extra expense involved in handling delinquent payments, provided, however, that in no event shall the Holder of this Note collect or have the right to collect an amount under this provision that would cause the interest rate of this Note to be greater than the maximum interest rate allowed by law. Should this Note be considered past due and in default, all past due principal and interest hereunder shall bear interest at the rate of fifteen percent (15%) per annum from the date same became due until paid. During the existence of any such default, the Holder of this Note may apply payments received on any amount due hereunder or under the terms of any instrument now or hereafter evidencing or securing said indebtedness as said Holder may determine.

At the option of Holder, the unpaid balance of this Note and all other obligations of Makers to Holder, whether direct or indirect, absolute or contingent, now existing or hereafter arising, shall become immediately due and payable without notice or demand upon the occurrence or existence of any of the following events or conditions:

(a)   Any payment required by this Note or by any other obligation of Makers to Holder is not made when due;

(b)   Makers' default in performance of any covenant, obligation, warranty or provision contained in any agreement, mortgage or in any other

instrument or document securing or relating to this Note or any other Note or obligation of Makers to Holder;

(c) Any warranty, representation, financial information, or statement made or furnished to Holder by or in behalf of Makers of this Note proves to have been false in any material respect when made or furnished;

(d) The making of any levy against or seizure, garnishment or attachment of any collateral in an amount exceeding twenty thousand dollars ($20,000.00);

(e) Failure by Makers to pay any indebtedness at maturity, or the occurrence of any event which results in acceleration of the maturity of indebtedness of Makers to Holder under any Promissory Note, indenture, agreement or undertaking;

(f) The selling, conveying, transferring, assigning or contracting to sell or otherwise transfer, i) any Units of the Maker or ii) any part of the premises securing this obligation without the written consent of Holder;

(g) Failure to utilize the trade name of "Days Inn" or any other franchise approved by holder, because of negligence of the Maker with respect to the premises securing this obligation without the written consent of Holder.

Default shall be defined as follows: The Makers shall have from the first day of the month until the fifth day of the month within which to make any monthly payment. Thereafter, Holder shall give Makers a five (5) day written notice of any non-payment and, should Makers not cure said non-payment within said five (5) day period, Holder may then declare default and exercise the right to accelerate all amounts due hereunder. Should the Holder determine that Makers have defaulted on any non-monetary matter, Holder shall give Makers a thirty (30) day written notice to cure and specify in what manner default has occurred. Should Makers not cure said alleged default within said thirty (30) day period, Holder may then exercise the right to accelerate all amounts due hereunder.

It is understood and agreed that failure to pay this Note or any installment hereon when due, or failure to perform any other agreements set forth in the Mortgage or other instruments securing the payment of this Note or the election by the Holder of any option granted herein, shall, at the election of the Holder hereof, mature the principal of this Note and all interest then accrued hereon and same shall, after proper notice, become due and payable in its entirety.

If and as often as this Note is placed in the hands of an attorney for collection after the same shall for any reason become due, or if collected by legal proceedings or through the probate or bankruptcy courts, the Makers hereof agree to pay to the Holder hereof his reasonable attorney's fee, and which shall be collectible as the principal hereof.

Defs.AP&KP-052

The Makers expressly agree jointly and severally to remain and continue bound for the payment of the principal and interest provided for by the terms of this Note notwithstanding any extension or extensions of the time of, or for the payment of said principal or interest, or any change or changes in the amount or amounts agreed to be paid under and by virtue of the obligation to pay provided for in this Note, or any change by way of release or surrender of any collateral and/or real estate held as security for this Note, and waive all and every kind of notice of such extension or extensions, change or changes and agree that the same may be made without the joinder of the Makers. Makers further agree that the acceptance by Holder of a delinquent payment or the failure of Holder to exercise any option herein granted when available shall not constitute an estoppel, to declare the full indebtedness due upon any further delinquency or available option to Holder.

All Makers, endorsers, sureties and guarantors hereby waive presentment of this Note for payment, notice of nonpayment, protest, notice of protest, diligence or any notice of, or defense on account of, any extensions, renewals, or changes in any manner of or in this Note, or in any of its terms provisions and covenants, or by delay, indulgence or other act of any Holder of this Note.

This Note is secured by a First Mortgage covering real property located in Durant, Bryan County, Oklahoma, and other collateral. This Note is to be construed according to the Laws of the State of Oklahoma.

SAI, LLC

By: _____
    Manager

_____
Arvindbhai C. Patel

_____
Nayana Patel

_____
Ashvinkumar Patel

_____
Kamuben Patel

Defs.AP&KP-053