WHEN RECORDED MAIL TO:

NOTICE:    <u>A POWER OF SALE HAS BEEN GRANTED IN THIS MORTGAGE. A POWER OF SALE MAY ALLOW THE MORTGAGEE TO TAKE THE MORTGAGED PROPERTY AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY THE MORTGAGOR UNDER THIS MORTGAGE.</u>

## MORTGAGE AND SECURITY AGREEMENT

This Mortgage and Security Agreement is made this 12th day of May, 2010, between SAI, LLC, (the "Mortgagor"), and Durant Hospitality, Inc., (the "Mortgagee").

WHEREAS, the Mortgagor is justly indebted to the Mortgagee in the sum of Two Million Five Hundred Thousand and no/100 Dollars ($2,500,000.00), according to the terms of a certain Promissory Note (the "Note") bearing even date herewith and having a maturity date of on or before the 12th day of May, 2035.

NOW, THEREFORE, to secure to the Mortgagee the payment of the aforesaid indebtedness, with interest thereon, the payment of all other monies secured hereby or advanced hereunder, and the performance of the covenants and agreements herein contained, the Mortgagor does hereby grant, bargain, sell, convey and mortgage unto the Mortgagee and to its successors and assigns the real property located in Bryan County, State of Oklahoma, described on Exhibit "A" attached as a part hereof, together with all and singular the tenements, hereditaments and appurtenances thereof; all buildings and improvements now or hereafter constructed thereon; and all fixtures, equipment, machinery, apparatus and articles of personal property of every kind and character now owned or hereafter acquired by the Mortgagors and now or hereafter located in or used for the operation, maintenance and construction of the aforesaid buildings and improvements (all of which property is herein called the "Collateral"), which shall include, but not be limited to: (a) all signs, draperies, screens, awnings, storm windows and doors, window shades, cabinets, partitions, floor coverings, escalators, elevators and motors, ranges, refrigerators, furniture, boilers, tanks, furnaces, radiators and all heating, lighting, plumbing, gas, electric, ventilating, refrigerating, air conditioning, laundry, cleaning, fire prevention, fire extinguishing, communications, water fountains, kitchen and incinerating equipment of whatsoever kind and character, Franchise Agreement, Restaurant Lease Agreement with El Tapitio (or any replacement of same), signage, telephone numbers, permits, licenses, goodwill and all other intangible assets related to the operation of the hotel on the mortgaged premises; (b) all of the right, title and interest of the Mortgagors in and to any items of personal property which may be subject to a title retention or security agreement superior in lien to the lien of this Mortgage; (c) proceeds and products thereof. The above described real estate, appurtenances, improvements and Collateral are hereinafter collectively called the "Mortgaged Premises" and are hereby declared to be subject to the lien of this Mortgage as security for the payment of the indebtedness herein described.

Defs.AP&KP-037

TO HAVE AND TO HOLD the Mortgaged Premises with all the rights, improvements and appurtenances thereunto belonging, or in anywise appertaining unto the Mortgagee, its successors and assigns, forever. The Mortgagor covenants that the Mortgagor is seized of an indefeasible estate in fee simple in the Mortgaged Premises, that the Mortgagor has good right to sell, convey and mortgage the same, that the Mortgaged Premises are free and clear of all general and special taxes, liens, charges and encumbrances of every kind and character, except those matters described on Exhibit "B", and that the Mortgagor hereby warrants and will forever defend the title thereto against the claims of all persons whomsoever, and waive all homestead exemptions thereto.

1. <u>Payment of Debt.</u> If the Mortgagor shall pay the indebtedness herein described and shall in all things do and perform all other acts and agreements herein contained to be done, then in that event only, this Mortgage shall be and become null and void.

2. <u>Maintenance; Waste.</u> With respect to the Mortgaged Premises, the Mortgagor covenants and agrees: to keep the same in good condition and repair; to pay all general and special taxes and assessments and other charges that may be levied or assessed upon or against the same as they become due and payable and to furnish to the Mortgagee receipts showing payment of any such taxes and assessments, if demanded; to pay all debts for repair of improvements now existing or hereafter arising which may become liens upon or charges against the Mortgaged Premises; to comply with or cause to be complied with all requirements of any governmental authority relating to the Mortgaged Premises; to promptly repair, restore, replace or rebuild any part of the Mortgaged Premises which may be damaged or destroyed by any casualty whatsoever, or which may be affected by any condemnation proceeding or exercise of eminent domain; and to promptly notify the Mortgagee of any damage to the Mortgaged Premises in excess of Five Thousand and No/100 Dollars ($5,000.00). The Mortgagor further covenants and agrees that the Mortgagor will not: commit or suffer to be committed any waste of the Mortgaged Premises; initiate, join in or consent any change in private restrictive covenants, zoning ordinance or other public or private restrictions limiting or defining the uses which may be made of the Mortgaged Premises or any part thereof which might take precedence over the lien of the Mortgage.

3. <u>Insurance.</u> The Mortgagor will effect and keep in force with a fire insurance company, or companies, approved by the Mortgagee, such amount of insurance against loss by fire, tornado and lightning, and against such other casualty losses as may be required and as will be satisfactory to the Mortgagee, upon the Mortgaged Premises, and will keep the policy or policies therefor constantly assigned and delivered to the Mortgagee as further security for the indebtedness hereby secured, each policy having a subrogation mortgage clause of a form satisfactory to the Mortgagee attached thereto, with the loss, if any, payable to the Mortgagee, and whether the same have been actually assigned or not, they shall, in case of loss, be payable to the Mortgagee to the extent of its interest as Mortgagee in the Mortgaged Premises; and the Mortgagee shall have the right and power to demand, receive and collect any and all monies becoming due or payable thereunder, and to apply the same toward the payment of the indebtedness hereby secured unless same is otherwise paid in full or, at its option, the Mortgagee may pay said monies over to the Mortgagor either wholly or in part to enable the Mortgagor to repair such buildings or erect new buildings in their place, or

for any other purpose or object satisfactory to the Mortgagee, without affecting the lien of this Mortgage for the full amount secured hereby, before such damage by fire, tornado or other casualty, or such payment, ever took place. If the title to the Mortgaged Premises be transferred, the Mortgagee is authorized as agent for the Mortgagor to assign the insurance to the grantee of the title, without any duty, however, on the Mortgagee to do so. The Mortgagor shall procure for its benefit, and shall at all times maintain in force and deliver (premiums paid) to the Mortgagee copies of personal liability and property damage insurance policies issued by such companies, on such forms, and in such amounts, as the Mortgagee may require and approve; and the Mortgagee further agrees if the Mortgagor fails to procure, maintain or pay the premiums on such insurance, the Mortgagee may (without waiving the right to accelerate the maturity of the debt hereby secured) do so at the Mortgagor's expense, which insurance shall name the Mortgagee as an additional insured as its interest may appear.

4. <u>Default; Remedies.</u> Upon the failure of the Mortgagor to pay any of the taxes, assessments, debts, liens or other charges as the same become due and payable, or to insure the Mortgaged Premises or deliver the policies of insurance as herein provided, or to perform any of the Mortgagor's covenants and agreements herein, following the giving of the notice provided for in the Note secured hereby, if any, the Mortgagee is hereby authorized, at its option, to insure the Mortgaged Premises, or any part thereof, and pay the costs of such insurance, and to pay such taxes, assessments, debts, liens or other charges herein described, or any part thereof, and to remedy the Mortgagor's failure to perform hereunder and pay the costs associated therewith, and the Mortgagor hereby agrees to refund on demand all sum or sums so paid, with interest thereon at a rate of fifteen percent (15%) per annum; and any such sum or sums so paid together with interest thereon shall become a part of the indebtedness hereby secured; provided, however, that the retention of a lien hereunder for any sum so paid shall not be a waiver of subrogation or substitution which the Mortgagee might otherwise have. In the event of the failure of the Mortgagor to pay any of the taxes, assessments, debts, liens or other charges herein described as the same become due and payable or to keep the Mortgaged Premises insured in the manner and time herein provided, or the failure to deliver renewal policies in the manner and time herein provided, or if any installment of principal or interest is not paid at or within the time required by the terms of the Note, or in the case of the actual or threatened destruction, demolition, removal, condemnation or taking of all or any of the Mortgaged Premises, or the failure to do any of the things herein agreed to be done, or on the breach of any of the terms of the Note, this Mortgage or any other instrument securing or evidencing the indebtedness hereby secured, then, in any of such events, whether the Mortgagee has paid any of the taxes, liens or other charges, or procured the insurance, or remedied the Mortgagor's failure to perform, all as above mentioned, or not, the principal of the Note and all sums then hereby secured, without deduction, shall at the option of the Mortgagee, without notice, become due and payable, and the Mortgagee shall be entitled to foreclose this Mortgage, and shall be entitled to the possession of the Mortgaged Premises and the rents and profits thereof, and shall be entitled to have a receiver appointed to take possession of the Mortgaged Premises without notice, which notice the Mortgagor hereby waives, notwithstanding anything contained in this Mortgage or any law heretofore or hereafter enacted.

Defs.AP&KP-039

5. <u>Taxes; Expenses.</u> The Mortgagor agrees to pay any and all taxes which may be levied or assessed directly or indirectly upon the Note, this Mortgage and the indebtedness hereby secured; and, upon violation of this agreement, or upon the rendering by any Court of competent jurisdiction of a decision that such an agreement by a Mortgagor is legally inoperative, or if the rate of said taxes and expenses added to the rate of interest provided for in the Note shall exceed the legal rate of interest, then, and in any such event, the indebtedness hereby secured, without deduction, shall, at the option of the Mortgagee, become immediately due and payable, anything contained in this Mortgage or in the Note notwithstanding. The additional amount which may become due and payable hereunder shall be regarded as part of the indebtedness secured by this Mortgage. This paragraph shall not apply to the amount to be paid under the present Oklahoma mortgage tax laws which the Mortgagee agrees to pay.

6. <u>Expenses of Collection.</u> It is agreed that if, and as often as this Mortgage or the Note is placed in the hands of any attorney for collection, or to protect the priority or validity of this Mortgage, or to prosecute or defend any suit affecting the Mortgaged Premises, or to enforce or defend any of the Mortgagee's rights hereunder, the Mortgagor shall pay to the Mortgagee its reasonable attorney's fees, as provided for in the Note secured hereby, together with all Court costs, expenses for title examination, title insurance or other disbursements relating to the Mortgaged Premises, which sums shall be secured hereby.

7. <u>Appraisement.</u> Appraisement of the Mortgaged Premises is hereby expressly waived, or not, at the option of the Mortgagee, in the event of judicial foreclosure, such option to be exercised at the time judgment is rendered in any judicial foreclosure hereof, or at any time prior thereto.

8. <u>Condemnation Awards.</u> The Mortgagor covenants and agrees that if, at any time, all or any portion of the Mortgaged Premises shall be taken or damaged under the power of eminent domain, the award received by condemnation proceedings for any property so taken or any payment received in lieu of such condemnation proceedings shall be paid directly to the Mortgagee and all or any portion of such award or payment, at the option of the Mortgagee, shall be applied to the indebtedness hereby secured in payment of the last maturing installments of the indebtedness or paid over, wholly or in part, to the Mortgagor for the purpose of altering, restoring or rebuilding any part of the Mortgaged Premises which may have been altered, damaged or destroyed as a result of any such taking or damage, or for any other purpose or object satisfactory to Mortgagee; provided that the Mortgagee shall not be obligated to see to the application of any amount paid over to the Mortgagor. The Mortgagor immediately upon obtaining knowledge of the institution of any proceedings or negotiations for the condemnation of the Mortgaged Premises, or any portion thereof, will notify the Mortgagee of the pendency of such negotiations or proceedings. The Mortgagee may participate in any such negotiations or proceeding and the Mortgagor from time to time will execute and deliver to the Mortgagee all instruments requested by Mortgagee to permit such participation.

9. <u>Certificate.</u> The Mortgagor, upon request, made either personally or by mail, shall certify by a writing duly acknowledged, to the Mortgagee or to any proposed assignee of Mortgage, the amount of principal and interest then owing on this Mortgage

Defs.AP&KP-040

and whether any offsets or defenses exist against the indebtedness hereby secured, within ten (10) days after the mailing of such request.

10. Notice. Every provision for notice and demand or request shall be deemed fulfilled by written notice or request personally served on one or more of the persons who shall at the time hold the record title to the Mortgaged Premises, or on their heirs or successors, or mailed by depositing it in any post office station or letter box, enclosed in a postpaid envelope addressed to such person or persons, or their heirs or successors, at his, theirs, or its address last known to Mortgagee.

11. Inspection; Management. The Mortgagee and any persons authorized by the Mortgagee shall have the right to enter and inspect the Mortgaged Premises and to inspect all corporate documents of Mortgagor (a) after the giving of a two (2) day notice from Mortgagee to Mortgagor; or (b) at all reasonable times after default. If, at any time after default by the Mortgagor in performance of any of the terms, covenants or provisions of this Mortgage or the Note, the management or maintenance of the Mortgaged Premises shall be determined by the Mortgagee to be unsatisfactory, the Mortgagor shall employ, for the duration of such default, as managing agent of the Mortgaged Premises, any person from time to time designated or approved by the Mortgagee.

12. No Waiver. Any failure by the Mortgagee to insist upon the strict performance by the Mortgagor of any of the terms and provisions hereof shall not be deemed to be a waiver of any of the terms and provisions hereof, and the Mortgagee, notwithstanding any such failure, shall have the right thereafter to insist upon the strict performance by the Mortgagor of any and all of the terms and provisions of this Mortgage to be performed by the Mortgagor. Neither the Mortgagor nor any other person now or hereafter obligated for the payment of the whole or any part of the indebtedness now or hereafter secured by this Mortgage shall be relieved of such obligation by reason of the failure of the Mortgagee to comply with any request of the Mortgagor or of any other person so obligated to take action to foreclose this Mortgage or otherwise enforce any of the provisions of this Mortgage or of any obligations secured by this Mortgage or by reason of the release, regardless of consideration, of the whole or any part of the security held for the indebtedness secured by this Mortgage, or by reason of any agreement or stipulation between any subsequent owner or owners of the Mortgaged Premises and the Mortgagee extending, from time to time, the time of payment or modifying the terms of the Note or this Mortgage without first having obtained the consent of the Mortgagor or such other person, and in the latter event, the Mortgagor and all such other persons shall continue liable to make such payments according to the terms of any such agreement of extension or modification unless expressly released and discharged in writing by the Mortgagee. Regardless of consideration, and without the necessity for any notice to or consent by the holder of any subordinate lien on the Mortgaged Premises, the Mortgagee may release the obligation of anyone at any time liable for any of the indebtedness secured by this Mortgage or any part of the security held for such indebtedness and may from time to time extend the time of payment or otherwise modify the terms of the Note and/or this Mortgage without, as to the security for the remainder thereof, in any way impairing or affecting the lien of this Mortgage or the priority of such lien, as security for the payment of the indebtedness as it may be so extended or modified, over any subordinate lien. The holder of any subordinate lien shall have no right to terminate

any lease affecting the Mortgaged Premises whether or not such lease be subordinate to this Mortgage. The Mortgagee may resort for the payment of indebtedness hereby secured to any other security therefor held by the Mortgagee in such order and manner as the Mortgagee may elect.

13. <u>Cumulative Remedies.</u> The rights of the Mortgagee arising under the clauses and covenants contained in this Mortgage shall be separate, distinct and cumulative and none of them shall be in exclusion of the other. No act of the Mortgagee shall be construed as an election to proceed under any one provision herein to the exclusion of any other provisions, anything herein or otherwise to the contrary notwithstanding.

14. <u>Security Interest.</u> This Mortgage shall also be considered to be and shall be construed as a security agreement with respect to any property described herein which is not a part of the real property described herein.

14.1. <u>Assembly of Collateral.</u> Upon default hereunder and acceleration of the indebtedness pursuant to the provisions hereof, the Mortgagee may, at its discretion, require the Mortgagor to assemble the Collateral and make it available to the Mortgagee at a place reasonably convenient to both parties to be designated by the Mortgagee.

14.2. <u>Notice of Sale.</u> The Mortgagee shall give the Mortgagor written notice of the time and place of any public sale of any of the Collateral or of the time after which any private sale or other intended disposition thereof is to be made by sending notice to the Mortgagor at least ten (10) days before the time of the sale or other disposition, which provisions for notice the Mortgagor agrees is reasonable.

14.3. <u>Additional Documents.</u> The Mortgagor will from time to time within ten (10) days after request by the Mortgagee, execute, acknowledge and deliver any financing statement, renewal affidavit, certificate, continuation statement, inventory or other documents that the Mortgagee may request in order to protect, preserve, continue, extend or maintain the security interest under and the priority of this Mortgage and will, upon demand, pay any expenses incurred by the Mortgagee in the preparation, execution and filing of any such documents.

15. <u>Impound Accounts.</u> If requested by Mortgagee, and upon the condition that the Mortgagor has previously defaulted in the timely payment of ad valorem taxes or in the timely payment of insurance premiums, the Mortgagor will pay to the Mortgagee on the first day of each month until the Note is fully paid a sum equal to the premiums that will next become due and payable on policies of fire and other hazard insurance covering the property covered by this Mortgage, plus taxes and assessments next due on the premises covered hereby (all as estimated by the Mortgagee), less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such premiums, taxes and assessments will become delinquent, such sums to be held by the Mortgagee in trust to pay said premiums, taxes and special assessments before the same become delinquent. If the total of payments shall exceed the amount of payments actually made by the Mortgagee for taxes, assessments and insurance premiums, such excess shall be returned to the Mortgagor. If, however, the total of such payments shall not be sufficient to pay the taxes, assessments and insurance premiums, as the case may be, when the same shall become due and payable, then the Mortgagor shall pay to the Mortgagee any amount necessary to make up the

Defs.AP&KP-042

deficiency, on or before the date when payment of such taxes, assessments, or insurance premiums shall be due. In no event shall Mortgagee be obligated, either legally or equitably, to pay interest to Mortgagor on such accounts.

16. <u>Prohibited Acts.</u> The Mortgagor will not: (a) sell, convey, transfer, assign, contract to sell, lease for a term exceeding two months or otherwise transfer all or any part of the Mortgaged Premises, without Mortgagee's prior written consent; (b) execute any document or allow the filing by any third party of any instrument which creates a mortgage, lien or encumbrance on the Property without Mortgagee's prior written consent; (c) allow the transfer of any ownership in Mortgagor to any entity or party (other than the immediate family of the present owners) without Mortgagee's prior written consent. The occurrence of any of the aforesaid events without the Mortgagee's prior written approval, at the Mortgagee's option, shall constitute an event of default hereunder, and the Mortgagee may declare the indebtedness hereby secured immediately due and payable and exercise any or all of the Mortgagee's rights herein; provided, Mortgagee may, at its option, elect to waive its right to accelerate if, prior to the sale or transfer, Mortgagee and the party to whom the property is to be sold, leased, assigned or transferred reach an agreement in writing that the credit of such person is satisfactory to Mortgagee, and that the interest payable on the sums secured by the Mortgage shall be at such rate as Mortgagee shall request, and the said purchaser shall execute a written assumption agreement thereof accepted in writing by Mortgagee.

17. <u>Governing Law.</u> This Mortgage and the Note secured hereby were negotiated, executed and delivered in Bryan County, Oklahoma, and the parties hereto agree that this Mortgage shall be construed according to the laws of the State of Oklahoma.

18. <u>Construction.</u> Wherever used in this Mortgage, unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, the word "Mortgagor" shall mean "Mortgagor and/or any subsequent owner or owners of the Mortgaged Premises", the word "Mortgagee" shall mean "Mortgagee or any subsequent holder or holders of the Mortgage", the word "Note" shall mean "note secured by this Mortgage" and the word "person" shall mean "an individual, corporation, partnership or unincorporated association." The paragraph headings contained herein are included as a matter of convenience and are not intended to define, limit or modify the terms of this Mortgage. This Mortgage shall be binding on the Mortgagor and all heirs, personal representatives, successors and assigns of the Mortgagor and inure to the benefit of the Mortgagee and all heirs, personal representatives, successors and assigns of Mortgagee.

19. <u>Amendment.</u> This Mortgage cannot be changed except by an agreement in writing signed by the party against whom enforcement of the change is sought.

20. <u>Purpose.</u> This Mortgage is given for business and commercial purposes.

21. <u>Power of Sale Provisions.</u> As a material part of the consideration of this Mortgage, Mortgagor does hereby confer and grant to Mortgagee in the event of a breach or default by Mortgagor in the performance of this Mortgage or the Note secured hereby, at the option of the Mortgagee, the power to sell the real property covered by this Mortgage pursuant to the terms and provisions of the "Oklahoma

Defs.AP&KP-043

Power of Sale Mortgage Foreclosure Act", and any subsequent amendments thereto, if any, hereafter referred to as "said Act".

In case of breach or default by Mortgagor, as determined by the terms of this Mortgage, before Mortgagee may use said breach or default as a basis to foreclose this Mortgage by power of sale, Mortgagee shall give to Mortgagor the written statutory Notice of Mortgagee's intention to foreclose by power of sale in the form and manner prescribed and required by the terms and provisions of said Act.

Should Mortgagor fail and neglect to cure said breach or default pursuant to said above Notice, Mortgagee may accelerate the debt secured by this Mortgage and proceed to give the statutory Notice of Sale in the form and manner prescribed and required by said Act, in order to sell the real property covered by this Mortgage under the power of sale granted herein. If Mortgagee invokes the power of sale, Mortgagee shall mail a copy of a notice of sale to Mortgagor at Mortgagor's last known address. Mortgagee shall publish the notice of sale and the property shall be sold in the manner prescribed by applicable law. Mortgagee or Mortgagee's designee may purchase the property at any sale. The proceeds of the sale shall be applied in the following order: (i) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorney's fees; (ii) to all sums secured by this Mortgage; and (iii) the excess, if any, to the person or persons legally entitled thereto.

Any sale by Mortgagee pursuant to said Notice of Sale shall be held, advertised, conducted, continued, completed, closed, and the proceeds of said sale, if any, distributed in accordance with said Act.

22. <u>Assignment of Leases and Rents.</u>

(a) Mortgagor hereby irrevocably and absolutely grants, transfers and assigns all of its right, title and interest in each Lease, together with any and all extensions and renewals thereof, for purposes of securing and discharging the performance by Mortgagor of its obligations hereunder. Mortgagor has not assigned or executed any assignment of, and will not assign or execute any assignment of, any Leases or their respective rents to anyone other than Mortgagee.

(b) Without Mortgagee's prior written consent, Mortgagor will not modify, amend, terminate or consent to the cancellation or surrender of any Lease if such modification, amendment, termination or consent would, in the reasonable judgment of Mortgagee, be adverse in any material respect to the Mortgagee, the value of the Mortgaged Premises or the lien created by this Mortgage.

(c) Mortgagor has assigned and transferred to Mortgagee all of Mortgagor's right, title and interest in and to the rents now or hereafter arising from each Lease heretofore or hereafter made or agreed to by Mortgagor, it being intended that this assignment establish an absolute transfer and assignment of all rents and each such Lease to Mortgagee and not merely to grant a security interest therein. Mortgagee may, in Mortgagor's name and stead (with or without first taking possession of any of the Mortgaged Premises personally or by receiver as provided herein), operate the Mortgaged Premises, rent, lease or let all or any portion of any of the Mortgaged Premises to any party or parties at such rental and upon such terms as Mortgagee shall,

in its sole discretion, determine and collect and have the benefit of all of said rents arising from or accruing at any time thereafter or that may thereafter become due under each Lease.

(d) Until default occurs, or after default has occurred but is no longer continuing, Mortgagee will not exercise any of its rights under paragraph (c), and Mortgagor shall receive and collect the rents accruing under any Lease; but after the happening of any default (but only while such default continues), Mortgagee may, at its option, receive and collect all rents and enter upon the Mortgaged Premises and improvements through its officers, agents, employees or attorneys for such purpose and for the operation and maintenance thereof. Upon the happening of default, Mortgagor hereby irrevocably authorizes and directs each tenant and each successor, if any, to the interest of any tenant under any Lease, respectively, to rely upon any notice of a claimed default sent by Mortgagee to any such tenant or any of its successors in interest and thereafter to pay rents to Mortgagee without any obligation or right to inquire as to whether default actually exists and even if some notice to the contrary is received from the Mortgagor, who shall have no right or claim against any such tenant or successor in interest for any such rents so paid to Mortgagee. Each tenant or any of its successors in interest from whom Mortgagee or any officer, agent, attorney or Mortgagee shall have collected any rents shall be authorized to pay rents to employee of Mortgagor only after such tenant or any of its successors in interest shall have received written notice from Mortgagee that default is no longer continuing, which notice Mortgagee shall be obligated to give when such default is no longer continuing, unless and until a further notice of an Event of Default is given by Mortgagee to such tenant or any of its successors in interest.

(e) Mortgagee will not become a mortgagee in possession so long as it does not enter or take actual possession of the Mortgaged Premises. In addition, Mortgagee shall not be responsible or liable for performing any of the obligations of the landlord under any Lease, for any waste by any tenant or others, for any dangerous or defective conditions of any of the Mortgaged Premises, for negligence in the management, upkeep, repair or control of any of the Mortgaged Premises or for any other act or omission by any other person.

(f) Mortgagor shall furnish to Mortgagee within thirty (30) days after a request by Mortgagee to do so, a written statement containing the names of each tenant, subtenant and concessionaire of the Mortgaged Premises or Improvements, the terms of each Lease, the space occupied and the rentals or license fees payable thereunder.

23. <u>Future Advancements</u>. This Mortgage shall secure the payment of the Note, including any and all advancements made by the Mortgagee thereunder, and any and all additional indebtedness of the Mortgagor to the Mortgagee incurred in connection with the Mortgaged Premises or any improvements now or hereafter located thereon, whether or not incurred or becoming payable under the provision hereof and whether as future advancements or otherwise, together with any renewals, modifications, rearrangements, consolidations or extensions of the Note or other indebtedness.

IN WITNESS WHEREOF, this instrument is executed as of the date first above written.

Defs.AP&KP-045

SAI, LLC

By: _____
   Manager

## COMPANY ACKNOWLEDGMENT

STATE OF OKLAHOMA     } SS:
COUNTY OF Bryan       }

Before me, the undersigned, a Notary Public in and for said County and State on this 12th day of May, 2010, personally appeared Avindbhai C. Patel, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as Manager of SAI, LLC on behalf of said Company for the uses and purposes therein set forth. t

Given under my hand and seal the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:

4/12/2014

(SEAL)

[Notary seal: CHRISTOPHER ADAMS, NOTARY, #06003773, PUBLIC, STATE OF OKLAHOMA]

## EXHIBIT "A" TO MORTGAGE AND SECURITY AGREEMENT

### Legal Description

See attached Exhibit "A".

All fixtures, inventory, equipment, machinery, apparatus and articles of personal property of every kind and character now owned or hereafter acquired by the Debtor and now or hereafter located in or used for the operation, maintenance and construction of the buildings and improvements (all of which property is herein called the "Collateral"), which shall include, but not be limited to: all signs, draperies, screens, awnings, storm windows and doors, window shades, cabinets, partitions, floor coverings, escalators, elevators and motors, ranges, refrigerators, furniture, boilers, tanks, furnaces, radiators and all heating, lighting, plumbing, gas, electric, ventilating, refrigerating, air conditioning, laundry, cleaning, fire prevention, fire extinguishing, communications, water fountains, kitchen and incinerating equipment of whatsoever kind and character, located at 2121 W. Main Street, Durant, Bryan County, Oklahoma.

EXHIBIT "B"

Contracts and Agreements

1. Wyndham-Days Inn Franchise Agreement
2. Restaurant Lease – El Tapitio
3. AT&T – phone service
4. Auto Chlor – Cleaning Supplies
5. Coca-Cola Enterprises – Vending Machines
6. CommuniComm Services – Cable Service
7. Crystal Clear Communications – Long Distance Phone Service
8. Durant City Utilities – Utility Services
9. Guest Supply – Hotel and Guest Room Supplies
10. Headrick Outdoor Advertising – Billboards
11. Info-Hold Music – On Hold Music Services
12. Midwest Internet Solutions – Internet Services
13. OG&E – Electricity Services
14. Oklahoma Natural Gas – Gas Services
15. Preview Outdoor Advertising, LP – Billboard Services
16. Texoma Asset Management – Billboard Services
17. USA Today – Paper Services

Defs.AP&KP-048